# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

HAROLD HENDERSON,
ADC #85533                                                    PLAINTIFF

V.                          2:15CV00122 KGB/JTR

GAYLAND LAY,
Warden, ADC, et al.                                          DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent
to United States District Judge Kristine G. Baker.  You may file written objections
to all or part of this Recommendation.  If you do so, those objections must: (1)
specifically explain the factual and/or legal basis for your objection; and (2) be
received by the Clerk of this Court within fourteen (14) days of the entry of this
Recommendation. The failure to timely file objections may result in waiver of the
right to appeal questions of fact.

## I.  Introduction

Plaintiff, Harold Henderson, is a prisoner in the East Arkansas Regional Unit
of the Arkansas Department of Correction.  He has filed an Application to Proceed
*In Forma Pauperis* and a *pro se* § 1983 Complaint alleging that Defendants violated

his constitutional rights.  For the following reasons, the Court recommends that: (1) Plaintiff's Application to Proceed *In Forma Pauperis* be denied; and (2) this case be dismissed, without prejudice.

## II.  Discussion

The Prison Litigation Reform Act contains a three strikes provision, which provides that a prisoner cannot proceed *in forma Pauperis* "if the prisoner has on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Prior to filing this action, Plaintiff filed at least three *pro se* Complaints and one *pro se* appeal that were  dismissed as strikes.  *See Henderson v. Norris,* 129 F.3d 481, 485 (8th Cir. 1997); *Henderson v. Norris*, 5:96CV00361 (E.D. Ark. 1996) (unpublished decision); *Henderson v. Collins,* 5:93CV00218 (E.D. Ark. 1993) (unpublished decision); *Henderson v. Collins*, 5:93CV00217 (E.D. Ark.. 1993) (unpublished decision).

Nevertheless, Plaintiff may proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule. To qualify for that exception,

Plaintiff must demonstrate that he was in imminent danger "at the time of filing" this lawsuit, and allegations that he has "faced imminent danger in the past are insufficient." *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Here, Plaintiff alleges that Defendants are violating his constitutional rights by: (1) failing to provide more than "luke warm" water in his cell and the shower area; (2) passing out his food trays without changing their gloves; and (3) serving cold meals. *Doc. 2.* Plaintiff contends that these allegedly unconstitutional conditions of confinement are causing him to developed severe gastrointestinal problems. *Id.* He, however, *admits* that he is currently receiving medical care for those alleged gastrointestinal problems.

Because nothing in the Complaint suggests that Plaintiff is currently in imminent danger of serious physical injury, he is prohibited from proceeding *in forma pauperis.*

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 1) be DENIED.

2.     This case is  DISMISSED, WITHOUT PREJUDICE.

3.     Plaintiff be given thirty days to reopen this case by paying the $350

filing fee in full and filing a Motion to Reopen.

4.     The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 17th day of August, 2015.


_____
UNITED STATES MAGISTRATE JUDGE